UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DERRICK LANG HUNTER,

    Petitioner,

v.

MAGGIE MILLER-STOUT,

    Respondent.

CASE NO. C12-5517 RJB-KLS

ORDER DENYING PETITIONER'S MOTION FOR COUNSEL

    Before the Court is Petitioner's motion for the appointment of counsel. ECF No. 13. Under separate Order, the Court has directed service of the petition for writ of habeas corpus. The petition has not yet been served on Respondent and the time for Respondent to file an answer to the petition has not yet passed. Having carefully reviewed Petitioner's motion, the Court **ORDERS** as follows:

    There is no right to have counsel appointed in cases brought under 28 U.S.C. §2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court also may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 754. In deciding whether to appoint counsel, however, the Court "must evaluate the

ORDER - 1

likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

Petitioner has not requested that he be allowed to conduct discovery in this matter, nor does the Court find good cause for granting him leave to do so at this stage of the proceedings. *See* Rule Governing Section 2254 Cases in the United States District Courts 6(a). In addition, the Court has not determined an evidentiary hearing will be required in this case, nor does it appear one is needed at this point. *See* Rule Governing Section 2254 Cases in the United States District Courts 8(c). Petitioner has not shown that his particular conditions of confinement are such that "the interests of Justice" require appointment of counsel.

The petition for writ of habeas corpus filed in this case demonstrates that the petitioner has a good understanding of the issues and the ability to forcefully and coherently present his contentions. He was able to author and file a habeas petition with the assistance of another inmate that intelligently and coherently raises seven claims.

Petitioner complains that the law library at the Airway Heights Corrections Center (AHCC) does not have or provide "computer access to legal cases and laws, typewriters, typing paper, pens, or complete volumes of state and federal laws books to research and provide cases in my defense". ECF No. 14, at 2. Petitioner provides no legal authority for the proposition that he is legally entitled to computer access in a prison law library to "legal cases and laws."

According to counsel for Respondent, the legal liaison at AHCC states that inmates are provided with writing tools. In addition, this Court does not require that a prisoner's habeas petition be typewritten. Nor is the lack of a typewriter and typing paper grounds for the appointment of counsel. This Court filed Petitioner's handwritten habeas petition. ECF No. 1.

1        Petitioner also complains that the AHCC law library does not have "complete volumes of
2   state and federal laws books." ECF No. 14, at 2. Petitioner does not specific which volumes are
3   incomplete nor does he explain how these incomplete volumes justify the appointment of
4   counsel. According to AHCC's legal liaison, the following legal materials can be found at the
5   AHCC law library: RCWs, the Washington Reporter, the Washington Appellate Reports,
6   Washington Court Rules, State Rules, Washington Practice, Washington Court Rules, Federal
7   Rules, the U.S. Code Annotated, Federal Reporter, Supreme Court Reporter, Federal Habeas
8   Corpus Practice & Procedure, the Prisoners Self-Help Litigation Manual, Search and Seizure
9   Checklist, Habeas Corpus Checklist, How To File, Federal Appellate Practice Ninth Circuit, and
10  the Federal Appeals Jurisdiction & Practice Manual. ECF No. 16, at 4-5.
11       Accordingly, Petitioner's motion for the appointment of counsel (ECF No. 13) is
12  **DENIED**.
13       The Clerk shall send a copy of this Order to Petitioner and to counsel for Respondent.
14       DATED this 29th day of August, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3